**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**CLIFFORD SMALL, SR.**                                                                 **PLAINTIFF**

**v.**                                        **4:05CV01043-WRW**

**ARKANSAS FAIR HOUSING COMMISSION**                              **DEFENDANT**

**ORDER**

On July 28, 2005, Plaintiff, acting *pro se*,[1] brought this action alleging that he was wrongfully terminated and subjected to a hostile work environment because of his race and sex[2] in violation of Title VII of the Civil Rights Act of 1964, as amended.  Pending is Defendant's Motion for Summary Judgment (Doc. No. 41). For the reasons set forth below, Defendant's Motion for Summary Judgment is GRANTED.

**I.       Procedural Question**

Plaintiff filed a discrimination charge with the EEOC on April 27, 2005.[3]  A Dismissal and Notice of Rights Form was mailed to Plaintiff on May 3, 2005.[4]

---

[1]John Wesley Hall, Jr., who entered his appearance on November 10, 2005 (Doc. No. 30), was appointed to represent Plaintiff.

[2]Plaintiff has since abandoned his sex discrimination claims.

[3]Doc. No. 41-7.

[4]Doc. No. 1.

On June 1, 2005, Plaintiff and his wife filed a voluntary bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Arkansas.[5]  As required under 11 U.S.C. § 521(1), Plaintiff attached a Statement of Financial Affairs and Schedule of Assets and Liabilities to his petition.[6]  Plaintiff was also required to file a Statement of Financial Affairs listing, "all suits and administrative proceedings to which he is or was a party within one year immediately proceeding the filing of [the] bankruptcy case."[7]  Plaintiff did not disclose that he had been terminated, sought redress, and recently received his Right to Sue letter from the EEOC.

While his bankruptcy was pending, Plaintiff filed suit against the Defendant on July 28, 2005, claiming his termination violated Title VII, resulting in his having to file bankruptcy. Plaintiff filed modifications to his bankruptcy petition on June 12, 2006, but the modifications did not address his intent to file his discrimination suit.[8]  On July 21, 2006, based on Plaintiff's sworn statements, the Bankruptcy Court entered an Order confirming his bankruptcy plan and establishing his monthly payment schedule.[9]

Defendant argues that Plaintiff should be judicially estopped from bringing this suit because he did not disclose it as a potential asset in his bankruptcy suit.  Defendant notes that, although Plaintiff has been questioned repeatedly in discovery about his bankruptcy and the filing of the

---

[5]Doc. No. 41-9 (Case No. 4:05BK17053).

[6]*Id.*

[7]*Id.* at p. 25.

[8]Doc. No. 41-10.

[9]Doc. No. 41-11.

summary judgment motion on October 18, 2006, raising the judicial estoppel question, Plaintiff has still not modified his bankruptcy pleadings listing this lawsuit as a potential asset.[10]

The doctrine of judicial estoppel "protects the integrity of the judicial process."[11] "A court invokes judicial estoppel when a party abuses the judicial forum or process by making a knowing misrepresentation to the court or perpetrating a fraud on the court."[12]  The Eighth Circuit has routinely applied a three factor test to determine the applicability of judicial estoppel:[13]  (1) whether a party's later position is inconsistent with its earlier position; (2) whether the court adopted the debtor's position;[14] and (3) whether the party gained an unfair advantage.[15]

In the bankruptcy context, "a debtor's failure to list a claim in the 'mandatory bankruptcy filings is tantamount to a representation that no such claim existed.'"[16] However, "judicial estoppel does not apply when a debtor's 'prior position was taken because of a good-faith mistake rather than as part of a scheme to mislead the court.'"[17]

---

[10]Doc. No. 65.

[11]*Stallings v. Hussmann Corp*., 447 F.3d 1041, 1047 (8th Cir. 2006) (quoting *Total Petroleum, Inc. v. Davis*, 822 F.2d 734, 738 n. 6 (8th Cir. 1987)).

[12]*Id.*

[13]*Id.*

[14]*Copeland v. Hussman Corp.*, No. 4:06CV839; 2006 WL 3393698 (Oct. 26, 2006) (citing *Stallings*, *supra*, "This occurs, for example, when the bankruptcy court discharges the claims under the belief that no claims exist outside those cited on the schedules.").

[15]*Stallings*, 447 F.3d at 1047.

[16]*Id.* (citing *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004)).

[17]*Id.* (citing *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996).

In the present case, the first factor is met because Plaintiff is now part of a discrimination suit that he swore under penalty of perjury did not exist to the bankruptcy court.[18] The second factor was met when the bankruptcy court adopted Plaintiff's position on his assets and instituted the payment plan.[19]  Finally, as an example of the third factor, the *Stallings* Court identified an identical fact scenario that would qualify.

> . . . a debtor who files his bankruptcy petition, subsequently receives a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC), and then fails to amend his bankruptcy petition to add his lawsuit against his employer as a potential asset is estopped from bringing the lawsuit because the debtor "knew about the undisclosed claims and had a motive to conceal them from the bankruptcy court."[20]

In response, Plaintiff alleges that his failure to amend his bankruptcy pleadings was nothing more than inadvertence, particularly because he discussed his discrimination claim with his bankruptcy attorney.   In Plaintiff's affidavit attached to his response to summary judgment, he stated that his wife handled all the bankruptcy matters, that he had little or no contact with the attorney, and that he did not read the bankruptcy paperwork.[21]  Plaintiff has since filed the affidavit of his wife, Tammy Small, in which she states that she and Plaintiff discussed with their bankruptcy attorney Plaintiff's desire to file a discrimination suit.[22]  Mrs. Small states that, in that conversation, they were given the name of an attorney who handled discrimination law suits; however, neither

---

[18]*See* Doc. No. 41-9 at p.30.

[19]*See Reynolds v. Comm'r*, 861 F.2d 469, 473 (6th Cir. 1988) (order confirming Chapter 13 plan adopts the debtor's statement that she has no potential causes of action).

[20]*Stallings*, 447 F.3d at 1048 (citing *DeLeon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003)).

[21]Doc. No. 57-2.

[22]Doc. No. 64.

Plaintiff's nor his wife's affidavits state that they informed either their bankruptcy attorney or the bankruptcy court that they had, in fact, filed a discrimination suit. Plaintiff attempts to shift the burden of disclosure to his bankruptcy counsel, implying that the bankruptcy attorney should have asked Plaintiff continually whether circumstances had changed.

"A debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment."[23]  "The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend his financial statements if circumstances change."[24] Full and honest disclosure in a bankruptcy case is "crucial to the effective functioning of the federal bankruptcy system."[25]

Because Plaintiff carried the burden of disclosure, and because he has made no effort since the pendency of this lawsuit to amend his bankruptcy pleadings, I find that Plaintiff  intentionally withheld knowledge of this action from the bankruptcy court and is estopped from bring this claim.[26]

The merits of Plaintiff's discrimination claim will not be reached.  Defendant's Motion for Summary Judgment (Doc. No. 41) is GRANTED.  Defendant's Motion to Amend Answer to Complaint (Doc. No. 62) is DENIED as MOOT.

---

[23]*Stallings*, 447 F.3d at 1048 (citing *In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir. 1999)).

[24]*Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1286 (11th Cir. 2002).

[25]*Id.* (citing *Ryan Operations G.P. v. Santiam-Midwest Lumber Co. et al.*, 81 F.3d 355, 362 (3d Cir. 1996)).

[26]*See De Leon v. Comcar Indus., Inc.*, 321 F.3d 1289 (11th Cir.2003) (order dismissing discrimination suit affirmed when plaintiff filed discrimination lawsuit prior to order confirming Chapter 13 plan and failed to amend his petition).

IT IS SO ORDERED this 6th day of February, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE